**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA ANN COLMERY-PINKERTON, | No. 15-55810 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 5:14-cv-00726-JFW-PLA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 6, 2017**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Lisa Colmery-Pinkerton appeals pro se the district court's judgment

affirming the Commissioner of Social Security's denial of Colmery-Pinkerton's

application for disability insurance benefits and supplemental security income

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Titles II and XVI of the Social Security Act. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Colmery-Pinkerton contends that the administrative law judge ("ALJ") erred in not adopting the recommendation of "the SSA representative" that Colmery-Pinkerton is unable to work. We construe Colmery-Pinkerton's pro se pleadings liberally. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016). Colmery-Pinkerton's briefing indicates she intends the term "the SSA representative" to refer to the attorney who represented her at her hearing before the ALJ, and also perhaps to the vocational expert ("VE") who testified at her hearing.

The ALJ did not err in disregarding the opening statement made by Colmery-Pinkerton's counsel during the hearing before the ALJ, arguing that Colmery-Pinkerton was entitled to a disability finding. Although a claimant's counsel may introduce arguments in support of her case, such argument by counsel is not sworn witness testimony that the ALJ must weigh in determining whether the claimant is disabled. *See* 42 C.F.R.§§ 405.1030(b); 405.1036(c); 405.1036(d). The determination of a claimant's ability to work is reserved to the ALJ. *See McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011).

Colmery-Pinkerton asserts that the ALJ disregarded the VE's testimony that she was unable to work. To the contrary, the ALJ properly posed a series of hypothetical questions to the VE regarding the limitations the ALJ found to be supported by the record evidence and incorporated into the residual functional capacity assessment. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir 2001) ("An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations."); 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ did not err in relying on the VE's response to a hypothetical that incorporated all of Colmery-Pinkerton's limitations that were supported by substantial evidence. *Osenbrock*, 240 F.3d at 1164.

**AFFIRMED.**